■ GANGNIAH MOHAMED, Appellant, v GREEN BUS LINES, INC., et al., Respondents, et al., Defendants. [757 NYS2d 868] —In

an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Polizzi, J.), dated May 28, 2002, which denied her motion, inter alia, for summary judgment on the second cause of action pursuant to Insurance Law § 5101 *et seq.* for first-party no-fault insurance benefits.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment on the second cause of action pursuant to Insurance Law § 5101 for first-party no-fault insurance benefits, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the appellant.

Contrary to the contention of the defendant Green Bus Lines, Inc., the plaintiff established her prima facie entitlement to judgment as a matter of law on the second cause of action. The plaintiff presented sufficient evidence that she was an injured passenger on the bus in question and was entitled to first-party no-fault insurance benefits because no member of her household owned an insured automobile (*see* Insurance Law §§ 5101, 5102, 5103; *Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). In response, Green Bus Lines, Inc., failed to present sufficient evidence, in admissible form, to raise a triable issue of fact (*see Reed v New York City Tr. Auth.,* 299 AD2d 330 [2002]; *Morissaint v Raemar Corp.,* 271 AD2d 586 [2000]). Accordingly, that branch of the plaintiff's motion which was for summary judgment on the second cause of action should have been granted. Feuerstein, J.P., Smith, H. Miller and Townes, JJ., concur.